UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA (OKLAHOMA CITY)

| | |
|---|---|
| In re ) | Case No.    19-14826 |
| ) | Chapter:    13 |
| ANTHONY TODD CATANIA AKA ) | |
| TODD CATANIA, ) | |
| ) | |
| Debtor. ) | |

## OBJECTION TO CHAPTER 13 PLAN OF THE DEBTOR

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Secured Creditor" collectively) hereby objects to the confirmation of the Chapter 13 Plan ("Plan") filed by Anthony Todd Catania ("Debtor").

### I. STATEMENT OF FACTS

On November 29, 2019, Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code as Case No. 19-14826.

Secured Creditor is the current holder of a promissory note dated June 09, 2017, executed by Debtor ("Borrower") in the principal amount of $275,665.00, and made payable to Everett Financial, Inc. D/B/A Supreme Lending. A Texas Corporation ("Note"). The maturity date is July 01, 2047, at which time all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. Creditor is in possession of the Note, endorsed in blank, and is entitled to enforce the instrument.

The Note is secured by a Deed of Trust (the "Deed of Trust"), executed by the Borrower, and encumbering the real property located at 16200 Royal Crest LN, Edmond, OK 73013 ("Property"). The Deed of Trust reflects that it was recorded on or about June 15, 2017 in the Office of the Oklahoma County as Instrument No. 20170615010835340. Creditor is the assignee and/or successor in interest to the Deed of Trust by means of an assignment.

1

The Property is Debtor's primary residence (Dkt. 1, Petition, Part 1, ¶ 5).

On the date of filing, the obligation under the Note was contractually in default due to the Debtor's failure to make the installment payment due and owing since August 01, 2018 and all installment payments due thereafter. As of the petition date, the approximate amount of Creditor's prepetition arrearage claim is $41,248.37.[1]

On November 29, 2019, the Debtor filed a Chapter 13 plan as Docket No. 2 ("Plan"). The Plan proposes to only pay Creditor $25,805.00.

## II. ARGUMENTS

Secured Creditor objects to the Plan to the extent it is not adequately funded or feasible. Secured Creditor believes this Plan cannot be confirmed as more fully detailed below.

### LACK OF ADEQUATE FUNDING (11 U.S.C. § 1325(a)(5)(B)(ii))

The Plan is not adequately funded. The Debtor's proposed plan states only $25,805.00 owed and underestimates secured creditor's pre-petition arrears by approximately $15,000.00. The Property is Debtor's primary residence. 11 U.S.C. § 1325(a)(5)(B)(ii) requires full payment of the allowed claim of Secured Creditor.

Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a Plan only if as to each secured claim the claim holder accepts the Plan and the Plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. The Plan does not provide for adequate funding to pay Creditor's arrearage claim and Secured Creditor does not accept the Plan. Therefore, the Plan should not be confirmed.

### LACK OF FEASIBILITY (11 U.S.C. § 1325(a)(6))

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the Plan only if the Debtor demonstrates an ability to make all payments under the Plan and otherwise perform on the provisions of the Plan. The burden is completely on Debtor to show reorganization is in prospect. 11 U.S.C. § 362(g); *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*,

---

[1] Creditor is currently in-process of preparing its Proof of Claim; this amount may be subject to change. The filed Proof of Claim shall control the actual amounts under Creditor's claim.

484 U.S. 365, 375-76 (1988). Under the standard set by the Supreme Court in *Timbers*, in order to establish that reorganization is in prospect Debtor has to demonstrate a "reasonable possibility of a successful reorganization within a reasonable time." *Id*. At 376. Debtor is required to do more than merely assert he can reorganize if only given the opportunity to meet the *Timbers* standard. See e.g., *Am. State Bank v. Grand Sports, Inc. (In re Grand Sports, Inc.)*, 86 B.R. 971, 975 (Bankr.N.D.Ill 1988). Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the Plan only if the Debtor demonstrates an ability to make all payments under the Plan and otherwise perform on the provisions of the Plan.

Debtor's Schedule J [DK. 1] reflects Debtor's disposable net income is $1,833.21. Debtor lacks sufficient monthly disposable income to fund the plan and pay all amounts required under the plan.

Under 11 U.S.C. § 1325(a)(6) the Court shall confirm the Plan only if the Debtor demonstrates an ability to make all payments under the Plan and otherwise perform on the provisions of the Plan, and must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

### III. CONCLUSION

WHEREFORE, Creditor prays as follows:

1. That confirmation of the proposed Plan be denied; and
2. That Debtor's case be dismissed under 11 U.S.C. § 1307(c)(1) due to Debtor's prejudicial delay to creditors in his inability to timely propose a confirmable plan under 11 U.S.C. § 1324(b); and

///
///
///

3. For award of fees and costs incurred herein; and

4. For such other and further relief as this Court deems proper.

                               Respectfully submitted,

Dated:  January 02, 2020                         THE MORTGAGE LAW FIRM, PLLC

                                                          */s/ Eric Marshack*
                                                          Eric Marshack, OR State Bar # 050166
                                                          The Mortgage Law Firm, PLLC
                                                          421 NW 13th Street, Suite 300
                                                          Oklahoma City, OK 73103
                                                          Telephone: (971) 270-1230
                                                          Facsimile: (951) 225-4073
                                                          Eric.marshack@mtglawfirm.com
                                                          Attorneys for Secured Creditor

**CERTIFICATE OF SERVICE**

This is to certify that I did, on this  2nd   day of    January       2020, mail, *via* first class U.S. mail, a true and correct copy of the above and foregoing to:

Debtor
Anthony Todd Catania
16200 Royal Crest Lane
Edmond, OK 73013

Attorney for Debtor
O. Clifton Gooding
The Gooding Law Firm
650 City Place Building
204 N Robinson Avenue
Oklahoma City, OK 73102
cgooding@goodingfirm.com, notices@goodingfirm.com;brandi@goodingfirm.com;ocgood@aol.com;astuteville@goodingfirm.com;angelanotices@gmail.com;mtoffoli@goodingfirm.com
*Service accomplished through Court's CM/ECF system.

U.S. Trustee
John T. Hardeman
PO Box 1948
Oklahoma City, OK 73101
Ustpregion20.oc.ecf@usdoj.gov
*Service accomplished through Court's CM/ECF system.

*/s/ Haleigh Parrish*
Haleigh Parrish
The Mortgage Law Firm, PLLC
421 NW 13th Street, Suite 300
Oklahoma City, OK 73103
Telephone: (971) 270-1230
Facsimile: (951) 225-4073